The STATE of Oklahoma, Appellant,

v.

Marvin Miles WIRE, Appellee.

No. O-81-360.

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1981.

Earl E. Goerke, Dist. Atty., Canadian County, Stan Chatman, Mike Hoover, Asst. Dist. Attys., El Reno, for appellant.

Gary E. Miller, Yukon, for appellee.

OPINION

BRETT, Presiding Judge:

This is an appeal by the State from an order of the District Court of Canadian

County, sustaining a motion to quash the information in Canadian County Case No. CRM–80–1439. The State purports to be appealing under Rule 6 of the Rules of this Court; but that procedure was not the appropriate avenue for the State to follow.

The appellee was charged with being drunk in a public place. Because the case was a misdemeanor, there was no preliminary examination. The appellee entered his plea of not guilty on November 26, 1980, and a pre-trial hearing was set. In the course of the hearing the special judge sustained the appellee's motion to quash the information. The State then gave notice of its intention to appeal the judge's ruling.

█ Rule 6 of the Rules of this Court is specifically designed to give the State an opportunity to seek relief from a ruling by a magistrate. The role of a magistrate in a criminal case is generally performed by a special judge, but not everything a special judge does is in the role of a magistrate. See Laws 1978, ch. 87, § 3 (now 20 O.S. Supp.1980, § 123). A special judge is also empowered to hear misdemeanors; and when one does so, he or she is acting as a judge of the district court, not as a magistrate. Accordingly, Rule 6 is not applicable in such a situation.

█ The State has sought to appeal under Rule 6, and under the circumstances of this case, a Rule 6 appeal will not lie. This appeal must therefore be dismissed.

BUSSEY and CORNISH, JJ., concur.